**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **LAURA SAMPSON et al.,** individually and on behalf of all others similarly situated,<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SUBARU OF AMERICA, INC. et al.,**<br><br>**Defendants.** | **Civil No. 21-10284 (CPO/SAK)** |

**AMENDED SCHEDULING ORDER**

This Amended Scheduling Order confirms the directives given to counsel at the status conference held pursuant to Rule 16, Federal Rules of Civil Procedure on **January 17, 2024**; and the Court noting the following appearances: **Natalie Lesser, Esquire**, and **Russell D. Paul, Esquire,** appearing on behalf of Plaintiffs; **Homer B. Ramsey, Esquire,** and **Daniel Robertson, Esquire** appearing on behalf of Defendants; and for good cause shown;

**IT IS** this **22nd** day of **January**, **2024**, hereby **ORDERED:**

**1. Class Certification Reports.**

a. All affirmative expert reports on class certification and disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Plaintiffs shall be served upon counsel for Defendants no later than **August 29, 2024**.

b. All rebuttal expert reports on class certification and disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Defendant shall be served upon counsel for Plaintiffs no later than **November 27, 2024**.

Each such report should be accompanied by the *curriculum vitae* of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed.

For purposes of this Amended Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition, or as to the future prognosis of a particular condition, shall be considered an expert subject to the required of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and *Teen-Ed v. Kimball Int'l, Inc.*, 620 F.2d 399 (3d Cir. 1980)

2. **Class Certification Motions.** Class certification motions shall be filed with the Clerk of the Court no later than **February 3, 2025**. Opposition to the motion(s) should be served in a timely fashion. This Order is subject to the Individual Rules and Procedures (if any) of the presiding District Judge.

3. **Depositions of Plaintiffs' Experts.** Depositions of Plaintiffs' experts in support of class certification shall be completed by **October 14, 2024**.

4. **Depositions of Defendants' Experts.** Depositions of Defendants' experts in opposition to class certification shall be completed by **December 20, 2024**.

5. **Discovery Applications.** Counsel shall meet and confer in a good faith attempt to informally resolve any and all discovery or case management disputes before seeking the Court's intervention. *See* L. CIV. R. 37.1(a)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in person or by telephone, rather than just exchanging letters or emails. Should such informal effort fail to resolve the dispute:

a. The party seeking the discovery shall submit, *via* ECF, a letter not to exceed five (5) pages that sets forth (1) a specific description of the discovery sought; (2) the relevance of the discovery; (3) an explanation of the parties' efforts to meet and confer to resolve the dispute; and (4) any appropriate legal arguments. The party shall also annex thereto copies of only those pertinent portions of discovery which are the subject matter of the application.

b. Within seven (7) calendar days, the party opposing the request may submit, *via* ECF, a letter in response not exceeding five (5) pages that sets forth any factual considerations and legal arguments. **Failure to respond within seven (7) calendar days of the filing of the initial letter will be deemed a waiver of any objection to the discovery request(s).**

c. **No further submissions** regarding the dispute may be filed without leave of the Court. If necessary, the Court will schedule a conference to address the dispute.

The failure of any party to meet and confer in good faith will result in the Court deeming that party to have waived its right to take a position on the discovery issue(s) in dispute. The parties should promptly bring any unresolved issue(s) to the Court's attention and should not wait until the close of discovery to address a dispute. No discovery motion, or motion for sanctions for failing to provide discovery, shall be filed before utilizing the procedures set forth above and without prior leave of the Court.

6. **Depositions.** All depositions are to be conducted in accordance with the procedures set forth in *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993).

7. The Court will conduct a telephone status conference on **March 20, 2024 at 10:30 a.m.** Counsel shall dial **1-856-210-8988, Conference ID 128 430 610#** to connect to the call. Any discovery dispute shall be brought to the Court's attention at least fourteen (14) calendar days prior to the scheduled conference and in accordance with the Court's discovery application procedures. All outstanding discovery issues not raised shall be deemed waived.

8. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel consent to the application. The scheduling deadlines set herein will not be extended unless good cause is shown. All applications regarding motions returnable before a District Judge shall be presented to the District Judge.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Christine P. O'Hearn, U.S.D.J.