# EXHIBIT A

## CLASS SETTLEMENT AGREEMENT

This Class Settlement Agreement (the "Settlement Agreement" or the "Agreement") is made and entered into by and between (i) Plaintiffs James Sampson, Janet Bauer, Lisa Harding, Barbara Miller, Shirley Reinhard, Celeste Sandoval, Xavier Sandoval, Danielle Lovelady Ryan, and Elizabeth Wheatley (collectively, "Plaintiffs"), individually and as representatives of the Settlement Class defined below, and (ii) Subaru of America, Inc. ("SOA" or "Defendant") (all collectively referred to as the "Parties").

## RECITALS

WHEREAS, on April 27, 2021, Plaintiffs filed a putative class action, entitled *Laura and James Sampson, et al. v. Subaru of America, Inc., et al.*, Civil Action No. 1:21-cv-10284-RMB-KMW, United States District Court for the District of New Jersey (the "Action"), asserting various claims alleging, *inter alia*, defects or deficiencies in the putative class vehicles' Pre-Collision Braking, Rear Automatic Braking, and Lane Keep Assist features of the EyeSight systems;

WHEREAS, Plaintiffs filed a First Amended Complaint on August 16, 2021, and after meeting and conferring, the Parties stipulated on November 12, 2021 to the dismissal of certain of Plaintiffs' claims with prejudice, and to Plaintiffs' filing of a Second Amended Complaint;

WHEREAS, Plaintiffs filed a Second Amended Complaint on November 29, 2021, and SOA filed an Answer to the Second Amended Complaint on February 4, 2022;

WHEREAS, Plaintiffs filed a Third Amended Complaint on July 1, 2022, and SOA filed its Answer on July 14, 2022, and the Parties thereafter conducted certain discovery;

WHEREAS, on August 25, 2022 and January 31, 2023, certain former Plaintiffs were voluntarily dismissed from the Action, and on November 15, 2023, the Court granted Plaintiffs' motion to substitute Plaintiff Janet Bauer as the personal representative of deceased former Plaintiff John Armour;

1

WHEREAS, the Defendant denies the Plaintiffs' allegations and claims with respect to both liability and damages, and maintains, *inter alia*, that the putative class vehicles and their systems, components and features at issue are not defective, were properly designed, tested, manufactured, distributed, marketed, advertised, warranted and sold, that no applicable warranties (express or implied) were breached, that no common law duties or applicable statutes, laws, rules or regulations were violated, that various defenses to the allegations and claims exist, and that the Action is not suitable for class treatment in a non-settlement context if they proceeded through litigation and trial;

WHEREAS, the Parties, after investigation and careful analysis of their respective claims and defenses, and with full understanding of the potential risks, benefits, expense and uncertainty of continued litigation, desire to compromise and settle all issues and claims that were asserted or could have been asserted in the Action by or on behalf of Plaintiffs and members of the Settlement Class including all Released Claims against the Released Parties;

WHEREAS, the Parties agree that neither this Settlement Agreement and exhibits, the underlying Settlement itself, nor its negotiations, documents or any filings or submissions relating thereto, shall constitute, be evidence of, be considered or construed as, and/or be admissible in any judicial or non-judicial proceeding as: (i) any admission of liability, damages, fault, or wrongdoing on the part of Defendant or any Released Party and/or (ii) the existence or validity of any fact, allegation and/or claim that was or could have been asserted in the Action, all of which are expressly denied by Defendant.

WHEREAS, this Settlement Agreement is the result of vigorous and extensive arm's length negotiations of highly disputed claims by experienced class action counsel, with adequate knowledge of the facts, issues, and the strengths and weaknesses of the Parties' respective claims,

defenses, and positions, and with the assistance of an experienced neutral Mediator from JAMS; and

WHEREAS, the Settlement is fair, reasonable, and adequate; in all respects satisfies the requirements of Fed. R. Civ. P. 23; and is in the best interests of the Settlement Class;

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth below, the Parties hereby agree as follows:

## I.    DEFINITIONS

### A.    "Action"

"Action" refers to *James Sampson, et al. v. Subaru of America, Inc., et al.*, Civil Action No. 1:21-cv-10284-ESK-SAK (D.N.J.).

### B.    "Agreement," "Settlement," or "Settlement Agreement"

"Agreement," "Settlement," or "Settlement Agreement" means this Settlement Agreement including all terms, provisions and conditions embodied herein and all attached Exhibits (which are an integral part of, and incorporated by reference in, this Settlement Agreement).

### C.    "Claim Administrator" or "Settlement Administrator"

The "Claim Administrator" or "Settlement Administrator" shall mean JND Legal Administration.

### D.    "Claim" or "Claim for Reimbursement"

"Claim" or "Claim for Reimbursement" means the timely and proper mailing or submission online, to the Claim Administrator, of the required fully completed, signed and dated Claim Form, together with all required Proof of Repair Expense documents (as defined in Section I.S. of this Settlement Agreement), in which a Settlement Class Member seeks to claim a reimbursement for 75% of certain past paid and unreimbursed out-of-pocket expenses for one (1) Covered Repair that occurred prior to the Notice Date and within 48 months or and 48,000 miles

(whichever occurred first) from the Settlement Class Vehicle's In-Service Date, pursuant to the terms, requirements, conditions and limitations set forth in Section II.B. of this Settlement Agreement.

**E.    "Claim Form"**

"Claim Form" means the form that must be fully completed, dated, signed under penalty of perjury, and timely mailed to the Claim Administrator or timely submitted through the Settlement Website, together with all required Proof of Repair Expense and any other required documentation, in order to make a Claim for Reimbursement under the terms of this Settlement Agreement, which Claim Form will be substantially in the form attached hereto as Exhibit 1.

**F.    "Claim Period"**

"Claim Period" means the period of time within which a Claim for Reimbursement under this Settlement must be mailed (postmarked) to the Claim Administrator, which period shall expire sixty (60) days after the Notice Date.

**G.    "Class Counsel" or "Plaintiffs' Counsel"**

"Class Counsel" or "Plaintiffs' Counsel" shall mean Berger Montague, PC, Capstone Law APC, and Barrack, Rodos & Bacine.

**H.    "Class Notice"**

"Class Notice" means the post-card class notice which will be mailed, and the long form class notice which will be made available on the settlement website, both of which will be substantially in the forms attached hereto as Exhibits 2 and 3, respectively.

**I.    "Class Notice Plan" or "Notice Plan"**

"Class Notice Plan" or "Notice Plan" means the plan for disseminating the Class Notice to the Settlement Class as set forth in Section IV. of this Settlement Agreement, and includes any further notice provisions that may be agreed upon by the Parties.

**J.    "Court"**

"Court" means the United States District Court for the District of New Jersey, located at the Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101.

**K.    "Covered Repair"**

"Covered Repair" means repair or replacement (parts and labor) of a diagnosed and confirmed malfunction or failure of a Settlement Class Vehicle's Pre-Collision Braking, Rear Automatic Braking, and/or Lane Keep Assist feature of the EyeSight system that resulted from failure or malfunction of the EyeSight camera assembly and/or rear sonar sensors. A "Covered Repair" shall not include a Pre-Collision Braking, Rear Automatic Braking, and/or Lane Keep Assist feature failure or malfunction that resulted from the failure or malfunction of any other components of the Settlement Class Vehicle including but not limited to brake pads, rotors and other brake related parts, windshield, powertrain, electrical system, and any other vehicle components and systems.

**L.    "Defense Counsel"**

"Defense Counsel" means Michael B. Gallub, Esq. and Homer B. Ramsey, Esq. of Shook, Hardy & Bacon L.L.P.

**M.    "Effective Date"**

"Effective Date" means the third business day after: (1) the Court enters a Final Order and Judgment approving the Settlement Agreement, substantially in the form agreed upon by counsel for the Parties, and (2) all appellate rights with respect to said Final Order and Judgment, other than those related solely to any award of attorneys' fees, costs or service/incentive payments, have expired or been completely exhausted in such a manner as to affirm such Final Order and Judgment.

**N.    "Fee and Expense Application"**

"Fee and Expense Application" means Class Counsel's application for an award of reasonable attorneys' fees, costs, and expenses ("Class Counsel Fees and Expenses"), and for Class Representative service awards.

**O.    "Final Fairness Hearing"**

"Final Fairness Hearing" means the hearing at or after which the Court will determine whether to grant final approval of the Settlement as fair, reasonable, and adequate under Fed. R. Civ. P. 23(e).

**P.    "Final Order and Judgment"**

"Final Order and Judgment" means the Final Order and Judgment granting final approval of this Settlement Agreement and dismissing the Action with prejudice, the form of which will be agreed by the Parties and submitted to the Court prior to the Final Fairness Hearing.

**Q.    "In-Service Date"**

"In-Service Date" means the date on which a Settlement Class Vehicle was first delivered to either the original purchaser or the original lessee; or if the vehicle was first placed in service as a "demonstrator" or "company" car, on the date such vehicle was first placed in service.

**R.    "Notice Date"**

"Notice Date" means the Court-ordered date by which the Claim Administrator shall mail the Class Notice of this Settlement to the Settlement Class. The Notice Date shall be a date that is up to one-hundred-twenty (120) days after the Court enters a Preliminary Approval Order, substantially in the form attached hereto as Exhibit 4.

**S.    "Proof of Repair Expense"**

"Proof of Repair Expense" shall mean all of the following: (1) an original or legible copy of a repair invoice or record for, and demonstrating, a Covered Repair as defined in Section I.K., and entitlement to reimbursement under the terms and conditions, of this Settlement Agreement, which invoice and/or record shall contain the claimant's name, the make, model and vehicle identification number ("VIN") of the Settlement Class Vehicle, the name and address of the authorized Subaru retailer or other service center or facility that performed the Covered Repair, the date of the Covered Repair, the Settlement Class Vehicle's mileage at the time of the Covered Repair, a description of the repair work performed including the parts repaired/replaced and a breakdown of parts and labor costs, and the amount charged (parts and labor), for the Covered Repair; (2) records, receipts and/or invoices demonstrating that the Settlement Class Member paid for the Covered Repair; and (3) in the event the claimant is not the person or entity identified on the Class Notice mailing, proof of the claimant's ownership or lease of the Settlement Class Vehicle at the time of the Covered Repair.

**T.    "Released Claims" or "Settled Claims"**

"Released Claims" or "Settled Claims" means any and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, entitlements, losses, actions, rights of action, costs, expenses, and remedies of any kind, nature and description, whether known or unknown, asserted or unasserted, foreseen or unforeseen, and regardless of any legal or equitable theory, existing now or arising in the future, by Plaintiffs and any and all Settlement Class Members (including their successors, heirs, assigns and representatives) which, in any way, allege, arise from, or relate to any actual, potential, or claimed failure or malfunction of a Settlement Class Vehicle's Pre-Collision Braking, Rear Automatic Braking, and/or Lane Keep Assist feature(s) of the EyeSight system, and any component parts thereof, any consequences, damage or loss relating

7

thereto, and any technical service bulletins, tech tips, and campaigns and notices that may address or relate to same, including but not limited to all matters that were asserted or could have been asserted in the Action, and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, entitlements, losses, actions, rights of action and remedies of any kind, nature and description, arising under any state, federal or local statute, law, rule and/or regulation including any consumer protection, consumer fraud, unfair or deceptive business or trade practices, false or misleading advertising, and/or other sales, marketing, advertising and/or consumer statutes, laws, rules and/or regulations, under any common law cause of action or theory, and under any legal or equitable causes of action or theories whatsoever, and on any basis whatsoever including contract, products liability, express warranty, implied warranty, negligence, fraud, misrepresentation, concealment, false or misleading advertising or marketing, unfair, deceptive and/or inequitable business practice, consumer protection, express or implied covenants, restitution, quasi-contract, unjust enrichment, injunctive relief of any kind and nature, including but not limited to the California Song-Beverly Consumer Warranty Act, California Consumer Legal Remedies Act, Florida Deceptive and Unfair Trade Practices Act, Illinois Consumer Fraud and Deceptive Business Practices Act, New Hampshire Consumer Protection Act, New York General Business Law § 349, New York General Business Law § 350, North Carolina Unfair and Deceptive Trade Practices Act, Pennsylvania Unfair Trade Practices and Consumer Protection Law, Uniform Commercial Code and any and all other or similar federal, state or local statutes, laws, rules or derivations thereof, any state Lemon Laws, secret warranty, and/or any other theory of liability and/or recovery whatsoever, whether in law or in equity, and for any and all injuries, losses, damages, remedies (legal or equitable), costs, recoveries or entitlements of any kind, nature and description, under statutory and/or common law, and including, but not limited to,

compensatory damages, economic losses or damages, exemplary damages, punitive damages, statutory damages, statutory penalties or rights, restitution, unjust enrichment, injunctive relief, costs, expenses and/or counsel fees, and any other legal or equitable relief or theory of relief. This Settlement Agreement expressly exempts from the Released Claims all claims for personal injuries and property damage (other than for damage to the Settlement Class Vehicle itself).

      U.    **"Released Parties"**

"Released Parties" means any Subaru entity, including, but not limited to, Subaru of America, Inc., Subaru Corporation, Subaru USA Holdings, Inc., Subaru of Indiana Automotive, Inc., North American Subaru, Inc., and each of their designers, manufacturers, assemblers, distributors, importers, retailers, marketers, advertisers, testers, inspectors, sellers, suppliers, component suppliers, lessors, warrantors, dealers, repairers and servicers of the Settlement Class Vehicles and each of their component parts and systems, all of their past and present directors, officers, shareholders, principals, partners, employees, agents, servants, assigns and representatives, and all of the aforementioned persons' and entities' attorneys, insurers, trustees, vendors, contractors, heirs, executors, administrators, successors, successor companies, subsidiary companies, parents, affiliates, divisions, trustees and representatives.

      V.    **"Settlement Class" or "Settlement Class Members"**

"Settlement Class" or "Settlement Class Members" means: "All persons and entities who purchased or leased a Settlement Class Vehicle, as defined in Section I.X. of this Agreement, in the continental United States of America."

Excluded from the Settlement Class are: (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (c) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (d) anyone acting as a used car dealer; (e)

anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company that acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class that is accepted by the Court.

### W.    "Settlement Class Representatives"

"Settlement Class Representatives" mean named Plaintiffs James Sampson, Janet Bauer, Lisa Harding, Barbara Miller, Shirley Reinhard, Celeste Sandoval, Xavier Sandoval, Danielle Lovelady Ryan, and Elizabeth Wheatley.

### X.    "Settlement Class Vehicles"

"Settlement Class Vehicles" means certain of the following model year 2013 through 2024 Subaru vehicles, distributed by SOA in the continental United States, that are (i) equipped with Pre-Collision Braking, Rear Automatic Braking, and/or Lane Keep Assist features of EyeSight, and (ii) specifically identified by vehicle identification number ("VIN") on a VIN List that is annexed as Exhibit 5 to this Agreement: certain model year 2013-2022 Subaru Legacy vehicles; model year 2013-2022 Subaru Outback vehicles; model year 2015-2023 Subaru Impreza vehicles; model year 2015-2023 Subaru Crosstrek vehicles; model year 2014-2021 Subaru Forester vehicles; model year 2019-2022 Subaru Ascent vehicles; model year 2016-2021 Subaru WRX vehicles; and model year 2022-2024 Subaru BRZ vehicles.

## II.    SETTLEMENT CONSIDERATION

In consideration for the full and complete Release of all Released Claims against the Defendant and all Released Parties, and the dismissal of the Action with prejudice, SOA agrees to provide the following consideration to the Settlement Class:

## A. Warranty Extension for Current Owners and Lessees of Settlement Class Vehicles

Effective on the Notice Date, SOA will extend its New Vehicle Limited Warranties ("NVLWs") applicable to the Settlement Class Vehicles to cover seventy-five percent (75%) of the cost of a Covered Repair, by an authorized Subaru retailer during a period of up to forty-eight (48) months or forty-eight thousand (48,000) miles (whichever occurs first) from the Settlement Class Vehicle's In-Service Date.

If a particular Settlement Class Vehicle's Warranty Extension time period has already expired as of the Notice Date, then for that Settlement Class Vehicle, the time limitation of the Warranty Extension shall be extended until four (4) months from the Notice Date, subject to the other conditions set forth above.

The Warranty Extension is subject to the same terms, conditions, limitations and exclusions set forth in the Settlement Class Vehicle's original NVLW and Warranty and Maintenance Booklet, and shall be fully transferable to subsequent owners to the extent that its time and mileage limitation periods have not expired.

The Warranty Extension shall not cover damage to or malfunction of any aspect of Pre-Collision Braking, Rear Automatic Braking, or Lane Keep Assist resulting from an accident or crash, misuse, abuse, modification, movement, displacement of and/or damage to the system components (identified in "Covered Repair" definition), weather and/or environmental conditions, and/or from any outside source or factor.

**B.      Reimbursement of Certain Past Paid Out-of-Pocket Expenses For A Covered Repair (For Current and Prior Owners and Lessees of Settlement Class Vehicles)**

1.      **Reimbursement**: If a Settlement Class Member paid (and was not otherwise reimbursed) for the cost of a Covered Repair prior to the Notice Date and within forty-eight (48) months or forty-eight thousand (48,000) miles (whichever occurred first) from the Settlement Class Vehicle's In-Service Date, then he/she/it may submit a Claim (a fully completed, signed and dated Claim Form together with all required Proof of Repair Expense and other documentation) to receive a reimbursement of seventy-five percent (75%) of the paid invoice amount (parts and labor) of one (1) such Covered Repair.

Reimbursement under this Section is subject to the Limitations, Conditions and Claim requirements set forth in Sections II.B.2 and II.B.3 below.

2.      **Limitations and Other Conditions**:

a.      Any reimbursement under this Section shall be reduced by goodwill or other amount or concession paid by SOA, an authorized Subaru retailer, any other entity (including insurers and providers of extended warranties or service contracts), or by any other source. If the Settlement Class Member received a free Covered Repair, or was otherwise reimbursed the full amount for the Covered Repair, then they will not be entitled to any reimbursement.

b.      Defendant shall not be responsible for, and shall not warrant, repair/replacement work performed at any service center or facility that is not an authorized Subaru retailer.

c.      A past paid Covered Repair shall not be eligible for, and shall be excluded from, reimbursement if documentation reflects that the Covered Repair or its underlying need resulted from an accident or crash, misuse, abuse, modification, movement, displacement of and/or damage

to the Eyesight system components (identified in the "Covered Repair" definition), weather and/or environmental conditions, and/or from any outside source or factor.

      d.      If the Covered Repair was performed during the Settlement Class Vehicle's original NVLW period, but not by an authorized Subaru retailer, then the Settlement Class Member must also submit, together with the other proof and submission requirements, documentation (such as a written estimate or invoice), or if documents are not available after a good-faith effort to obtain them, a Declaration signed under penalty of perjury confirming that the Settlement Class Member first attempted to have the Covered Repair performed by an authorized Subaru retailer, but the retailer declined or was unable to perform the repair free of charge pursuant to the NVLW.

      **3.  <u>Requirements for a Valid and Timely Claim for Reimbursement:</u>**

      a.      In order to submit a valid and timely Claim for Reimbursement pursuant to Section II.B. of this Agreement, the Settlement Class Member must mail to the Settlement Claim Administrator, post-marked within the Claim Period (no later than 60-days after the Notice Date), or submit to the Settlement Claim Administrator online through the Settlement Website (no later than 60-days after the Notice Date), a fully completed, signed and dated Claim Form, together with the required Proof of Repair Expense and any other required proof set forth in this Agreement.

      b.      If the claimant is not a person to whom the Claim Form was addressed, and/or the vehicle with respect to which a Claim is made is not the vehicle identified by VIN on the mailed Claim Form, the Claim must contain proof that the claimant is a Settlement Class Member and that the vehicle that is the subject of the Claim is a Settlement Class Vehicle.

      c.      The Claim Form and supporting documentation must demonstrate the Settlement Class Member's right to reimbursement, for the amount requested, under the terms and conditions of this Settlement Agreement.

III.    **CLAIMS ADMINISTRATION**

A.    **Costs of Administration and Notice**

As between the Parties, SOA shall be responsible for the Claim Administrator's reasonable costs of class notice and claim administration. The Parties retain the right to audit and review the Claims handling by the Claim Administrator, and the Claim Administrator shall report to both parties jointly.

B.    **Claim Administration**

1.    Only timely Claims that are complete and which satisfy the Settlement criteria for reimbursement can be approved for payment.  For each approved reimbursement claim, the Claim Administrator, on behalf of SOA, shall mail to the Settlement Class Member, at the address listed on the Claim Form, a reimbursement check to be sent within one hundred fifty (150) days of the date of receipt of the completed Claim, or within one hundred fifty (150) days of the Effective Date, whichever is later. The reimbursement checks shall remain valid for 180 days. The Settlement Class Member may make one (1) request for reissuance of an expired un-negotiated check from the Claims Administrator within 225 days of its original issuance.

2.    The Claim Administrator's denial of any Claim in whole or in part shall be binding and non-appealable, except that Class Counsel and Defendant's counsel may confer and attempt to resolve in good faith any disputed denial by the Claim Administrator.

3.    If the Claims Administrator initially determines that the Claim Form is incomplete, deficient or otherwise not fully completed, signed and/or dated, and/or that supporting documentation is missing, deficient, or otherwise incomplete, then the Claim Administrator will send the Settlement Class Member a letter or notice by regular mail advising of the deficiency(ies) in the Claim Form and/or the documentation. The Settlement Class Member will then have until thirty (30) days after the date of said letter/notice to mail a response to the Claim Administrator

14

that cures all said deficiencies and supplies all missing or deficient information and documentation, or the claim will be denied.

4.      If a Claim is denied in whole or in part, either for not meeting the Settlement criteria for reimbursement, or for failure to timely cure any deficiencies or missing or incomplete information/documentation, the Claim Administrator will so notify the Settlement Class Member by sending a letter or notice of the denial by regular mail. Any Settlement Class Member whose claim is denied shall have fourteen (14) days from the date of the Claim Administrator's letter/notice of denial to request an "attorney review" of the denial by emailing the Claim Administrator, after which time Class Counsel and Defense Counsel shall meet and confer and determine whether said denial, based upon the Claim Form and documentation previously submitted, was correct under the terms of the Settlement, whether the denial should be modified if it is not correct, and/or whether any disputed issues can amicably be resolved. The Claim Administrator will thereafter advise the Settlement Class Member of the attorney review determination, which shall be binding and not appealable.

## IV.    NOTICE

A.      To Attorneys General: In compliance with the Attorney General notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, the Claim Administrator shall provide notice of this proposed Settlement to the Attorney General of the United States, and the Attorneys General of each state in which a known Settlement Class Member resides. The Claim Administrator shall also provide contemporaneous notice to the Parties.

B.      To Settlement Class: The Claim Administrator shall be responsible for the following Settlement Class Notice Plan:

1.      On an agreed upon date with the Claim Administrator, but in no event more than one hundred twenty (120) days after entry of the Preliminary Approval Order, the Claim Administrator shall cause individual post-card Class Notice, substantially in the form attached hereto as Exhibit 2, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members.  A longer form Class Notice, substantially in the form attached hereto as Exhibit 3, and a Claim Form, substantially in the form attached hereto as Exhibit 1, will be made available on the Settlement Website. Defendant SOA may format the Class Notice in such a way as to minimize the cost of the mailing, so long as Settlement Class Members can reasonably read it and Class Counsel approves all changes and formatting. The Claim Administrator shall be responsible for mailing of the Class Notice.

2.      For purposes of identifying Settlement Class Members, the Claim Administrator shall obtain from Polk/IHS Markit or an equivalent company (such as Experian) the names and current or last known addresses of Settlement Class Vehicle owners and lessees that can reasonably be obtained, based upon the VINs of Settlement Class Vehicles to be provided by SOA.

3.      Prior to mailing the Class Notice, the Claim Administrator shall conduct an address search through the United States Postal Service's National Change of Address database to update the address information for Settlement Class Vehicle owners and lessees. For each individual Class Notice that is returned as undeliverable, the Claim Administrator shall re-mail all Class Notices where a forwarding address has been provided. For the remaining undeliverable notice packets where no forwarding address is provided, the Claim Administrator shall perform an advanced address search (e.g., a skip trace) and re-mail any undeliverable to the extent any new and current addresses are located.

4.      The Claim Administrator shall diligently, and/or as reasonably requested by Class Counsel or Defense counsel, report to Class Counsel and Defense counsel the number of individual Class Notices originally mailed to Settlement Class Members, the number of individual Class Notices initially returned as undeliverable, the number of additional individual Class Notices mailed after receipt of a forwarding address, and the number of those additional individual Class Notices returned as undeliverable.

5.      The Claim Administrator shall, upon request, provide Class Counsel and Defense counsel with the names and addresses of all Settlement Class Members to whom the Claim Administrator sent a Class Notice pursuant to this section.

6.      The Claim Administrator shall implement a Settlement website that contains the following information:

(i)      instructions on how to submit a Claim for Reimbursement by mail;

(ii)     instructions on how to contact the Claim Administrator, Class Counsel and Defense Counsel for assistance;

(iii)    a copy of the Claim Form, Class Notice, this Settlement Agreement, the Preliminary Approval Order, the Motion for Final Approval, Class Counsel's Fee and Expenses Application, any submissions by Defendant in support of final approval, and other pertinent orders and documents to be agreed upon by counsel for the Parties; and

(iv)     the deadlines for any objections, requests for exclusion and mailing of claims, the date, time and location of the final fairness hearing, and any other relevant information agreed upon by counsel for the Parties.

7.      No later than ten (10) days after the Notice Date, the Claim Administrator shall provide an affidavit or declaration to Class Counsel and Defense counsel, attesting that the Class Notice was disseminated in a manner consistent with the terms of the Class Notice Plan of this Agreement or those required by the Court and agreed by counsel.

8.      Notification to authorized Subaru retailers: Prior to the Notice Date, SOA will advise authorized Subaru retailers of the Settlement's Warranty Extension, so that the Warranty Extension may be implemented in accordance with the terms and conditions of this Settlement Agreement. Defense Counsel will confirm with Class Counsel that SOA has notified authorized retailers of the Settlement's Warranty Extension.

## V.      RESPONSE TO NOTICE

### A.      Objection to Settlement

Any Settlement Class Member who intends to object to the fairness of this Settlement Agreement and/or to Class Counsel's Fee and Expense Application must, by the date specified in the Preliminary Approval Order, which date shall be approximately thirty (30) days after the Notice Date, either (i) file any such objection, together with any supporting briefs and/or documents, with the Court either in person at the Clerk's Office of the United States District Court for the District of New Jersey, located at the Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, or (ii) file same in this Action via the Court's electronic filing system, or (iii) if not filed in person or via the Court's electronic system, then, by U.S. first-class mail post-marked within the said 30-day deadline, mail the objection, together with any supporting briefs and/or documents, to the United States District Court for the District of New Jersey, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, and also, by U.S. first-class mail post-marked within said deadline, serve same upon the following counsel for the Parties: Capstone Law APC, Attn: Cody Padgett, 1875 Century Park East, Suite 1000, Los Angeles, California 90067, on behalf of Plaintiffs, and Homer B. Ramsey, Shook, Hardy & Bacon L.L.P., 1 Rockefeller Plaza, Suite 2801, New York, New York 10020, on behalf of Defendant.

1.      Any objecting Settlement Class Member must include with his or her objection:

(a)      the objector's full name, address, and telephone number,

(b)      the model, model year and Vehicle Identification Number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

(c)      a written statement of all grounds for the objection accompanied by any legal support for such objection; and

(d)      copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection;

(e)      the name and address of the lawyer(s), if any, who is/are representing the objecting Settlement Class Member in making the objection;

(f)      a statement of whether the objecting Settlement Class Member intends to appear at the Final Fairness Hearing, either with or without counsel, and the identity(ies) of any counsel who will appear on behalf of the Settlement Class Member objection at the Final Fairness Hearing; and

(g)      a list of all other objections submitted by the objector, and/or the objector's counsel, to any class action settlements in any court in the United States in the previous five (5) years, including the full case name with jurisdiction in which it was filed and the docket number. If the Settlement Class Member and/or his/her/its counsel has not objected to any other class action settlement in the United States in the previous five years, then he/she/it shall affirmatively so state in the objection.

2.      Any Settlement Class Member who has not timely and properly filed an objection in accordance with the deadlines and requirements set forth herein shall be deemed to have waived

and relinquished his/her/its right to object to any aspect of the Settlement, or any adjudication or review of the Settlement, by appeal or otherwise.

3.      Subject to the approval of the Court, any timely and properly objecting Settlement Class Member may appear, in person or by counsel, at the Final Fairness Hearing to explain the bases for the objection to final approval of the proposed Settlement and/or to any motion for Class Counsel Fees and Expenses or incentive awards. In order to appear at the Final Fairness Hearing, the objecting Settlement Class Member must, no later than the objection deadline, file with the Clerk of the Court, and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the Final Fairness Hearing. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence and identity of any witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in connection with the Final Fairness Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in accordance with the deadline and other specifications set forth herein and in the Settlement Agreement and Class Notice, or who has not filed an objection that complies in full with the deadline and other requirements set forth in the Settlement Agreement and Class Notice, shall be deemed to have waived and relinquished any right to appear, in person or by counsel, at the Final Fairness Hearing.

**B.      Request for Exclusion from the Settlement**

1.      Any Settlement Class Member who wishes to be excluded from the Settlement Class must timely mail a request for exclusion ("Request for Exclusion") to the Claim Administrator and to Class Counsel and Defense Counsel at the addresses specified in the Class Notice, by the deadline set forth below and specified in the Preliminary Approval Order. To be effective, the Request for Exclusion must be timely mailed to the specified addresses below and:

(a)    include the Settlement Class Member's full name, address and telephone number;

(b)    identify the model, model year and VIN of the Settlement Class Vehicle; and

(c)    state that he/she/it is or was a present or former owner or lessee of a Settlement Class Vehicle; and

(d)    specifically and unambiguously state his/her/its desire to be excluded from the Settlement Class.

2.    Any Request for Exclusion must be postmarked on or before the deadline set by the Court, which date shall be approximately thirty (30) days after the Notice Date, and mailed to all of the following: JND Legal Administration, 1100 2nd Ave., Suite 300, Seattle, WA 98101, the Claims Administrator: Russell D. Paul, Berger Montague PC, 1818 Market Street, Suite 3600, Philadelphia, PA 19103 on behalf of Class Counsel: and Homer B. Ramsey, Shook, Hardy & Bacon L.L.P., 1 Rockefeller Plaza, Suite 2801, New York, NY 10020 on behalf of Defense Counsel. Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion mailed to the proper addresses, shall be subject to and bound by this Settlement Agreement, the Release, and every order or judgment entered relating to this Settlement Agreement.

3.    Class Counsel and Defense Counsel will review the purported Requests for Exclusion and determine whether they meet the requirements of a valid and timely Request for Exclusion.  Any Request for Exclusion which is untimely and/or does not meet the above requirements for a valid Request for Exclusion shall not be accepted and shall not be effective. The Claim Administrator will maintain a database of all Requests for Exclusion, and will send

21

written communications memorializing those Requests for Exclusion to Class Counsel and Defense counsel. The Claim Administrator shall report the names of all such persons and entities requesting exclusion, and the VINs of the Settlement Class Vehicles owned or leased by the persons and entities requesting exclusion, to the Court, Class Counsel and Defense Counsel at least eighteen (18) days prior to the Final Fairness Hearing. The list of persons and entities deemed by the Court to have timely and properly excluded themselves from the Settlement Class will be attached as an exhibit to the Final Order and Judgment.

## VI. WITHDRAWAL FROM SETTLEMENT

**Plaintiffs or Defendant shall have the option to withdraw from this Settlement Agreement, and to render it null and void, if any of the following occurs:**

1.    Any objection to the proposed Settlement is sustained and such objection results in changes to this Agreement that the withdrawing party deems in good faith to be material (e.g., because it increases the costs of the Settlement, alters the Settlement, or deprives the withdrawing party of a material benefit of the Settlement; a mere delay of the approval and/or implementation of the Settlement including a delay due to an appeal procedure, if any, shall not be deemed material); or

2.    The preliminary or final approval of this Settlement Agreement is not obtained without modification, and any modification required by the Court for approval is not agreed to by both parties and the withdrawing party deems any required modification in good faith to be material (e.g., because it increases the cost of the Settlement, alters the Settlement, or deprives the withdrawing party of a benefit of the Settlement; a mere delay of the approval and/or implementation of the Settlement including a delay due to an appeal procedure, if any, shall not be deemed material); or

3.      Entry of the Final Order and Judgment described in this Agreement is vacated by the Court or reversed or substantially modified by an appellate court, except that a reversal or modification of an order awarding reasonable attorneys' fees and expenses, if any, shall not be a basis for withdrawal; or

4.      In addition to the above grounds, the Defendant shall have the option to withdraw from this Settlement Agreement, and to render it null and void, if more than five-percent (5%) of the persons and entities identified as being members of the Settlement Class exclude themselves from the Settlement Class. If Defendant withdraws from the Settlement Agreement on this basis, then neither Plaintiffs nor Class Counsel will be responsible for costs incurred by the Claims Administrator up to the date of withdrawal.

5.      To withdraw from this Settlement Agreement under this paragraph, the withdrawing Party must provide written notice to the other Party's counsel and to the Court within ten (10) business days of receipt of any order or notice of the Court modifying, adding or altering any of the material terms or conditions of this Agreement. In the event either Party withdraws from the Settlement, this Settlement Agreement shall be null and void, shall have no further force and effect with respect to any party in the Action, and shall not be offered in evidence or used in the Action or any other litigation or proceeding for any purpose, including the existence, certification or maintenance of any purported class. In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be inadmissible as evidence and without prejudice to the Defendant and Plaintiffs, and shall not be deemed or construed to be an admission or confession by any party of any fact, claim, matter or proposition of law, and shall not be used in any manner for any purpose, and all parties to the Action shall stand in the same position as if this Settlement Agreement had not been

negotiated, made or filed with the Court. Upon withdrawal, either party may elect to move the Court to vacate any and all orders entered pursuant to the provisions of this Settlement Agreement.

6.     A change in law, or change of interpretation of present law, that affects this Settlement shall not be grounds for withdrawal from the Settlement.

## VII.     ADMINISTRATIVE OBLIGATIONS

A.     In connection with the administration of the Settlement, the Claim Administrator shall maintain a record of all contacts from Settlement Class Members regarding the Settlement, any Claims submitted pursuant to the Settlement and any responses thereto. The Claim Administrator, on a monthly basis, shall provide to Class Counsel and Defense Counsel summary information concerning the number of Claims made, number of Claims approved, the number of Claims denied, the number of Claims determined to be deficient, and total dollar amount of payouts on Claims made, such that Class Counsel and Defense Counsel may inspect and monitor the claims process.

B.     Except as otherwise stated in this Agreement, as between the Parties, the reasonable costs of the Claim Administrator in dissemination of the Class Notice and administration of Settlement reimbursement claims pursuant to the terms of this Agreement shall be borne by SOA.

## VIII.     SETTLEMENT APPROVAL PROCESS

### A.     Preliminary Approval of Settlement

Promptly after the execution of this Settlement Agreement, Class Counsel shall present this Settlement Agreement to the Court, along with a motion requesting that the Court issue a Preliminary Approval Order substantially in the form attached as Exhibit 4.

### B.     Final Approval of Settlement

1.      If this Settlement Agreement is preliminarily approved by the Court, and pursuant to a schedule set forth in the Preliminary Approval Order or otherwise agreed by the Parties, Class Counsel shall present a motion requesting that the Court grant final approval of the Settlement and issue a Final Order and Judgment directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b) substantially in a form to be agreed by the Parties.

2.      The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. Such best efforts shall include taking all reasonable steps to secure entry of a Final Order and Judgment, as well as supporting the Settlement and the terms of this Settlement Agreement through any appeal.

**C.      Plaintiffs' Application for Reasonable Class Counsel Fees and Expenses and Class Representative Service Awards**

1.      After the Parties reached an agreement on the material terms of this Settlement, the Parties commenced efforts to negotiate the issue of Class Counsel Fees and Expenses and Class Representative service awards. As a result of adversarial arm's length negotiations occurring thereafter, the Parties hereby agree that Class Counsel may apply to the Court ("Fee and Expense Application") for a combined award of reasonable attorneys' fees, costs and expenses (hereinafter, collectively, "Class Counsel Fees and Expenses") in an amount up to, but not exceeding, the total combined sum of Two Million Five Hundred Thousand Dollars ($2,500,000) for all Class Counsel and all fees, costs and expenses collectively. Class Counsel may apply for such an award, up to that total combined sum, on or before twenty-one (21) days prior to the deadline in the Preliminary

Approval Order for objections and/or requests for exclusion, or as otherwise directed by the Court. Defendant will not oppose a request for Class Counsel Fees and Expenses that does not exceed said total combined and collective sum of up to Two Million Five Hundred Thousand Dollars ($2,500,000), and Class Counsel shall not seek or be awarded, nor shall Class Counsel accept, any amount of Class Counsel Fees and Expenses exceeding said total combined and collective sum. The award of reasonable Class Counsel Fees and Expenses, to the extent consistent with this Agreement, shall be paid by Defendant as set forth below, and shall not reduce or in any way affect any benefits available to the Settlement Class pursuant to this Agreement.

The Parties also agree that Class Counsel may apply to the Court for a total of eight reasonable service awards of up to, but not exceeding, $5,000 each to the following named Plaintiffs who will seek to serve as Settlement Class Representatives: James Sampson, Janet Bauer, Lisa Harding, Barbara Miller, Shirley Reinhard, Celeste and Xavier Sandoval (to receive only one award of $5,000 collectively), Danielle Lovelady Ryan, and Elizabeth Wheatley, to be paid by Defendant as set forth below. Defendant will not oppose Plaintiffs' request, made as part of the Fee and Expense Application, for a Service Award of up to and not exceeding said amounts to the aforesaid Plaintiff-Settlement Class Representatives.

2. The Class Counsel Fees and Expenses and Settlement Class Representative Service Awards, to the extent consistent with this Agreement, shall be paid as directed by the Court by wire transfer to Berger Montague PC within thirty (30) days after the later of the Effective Date of the Settlement or the date of entry of the Final Order and Judgment for attorney fees, expenses, and service awards, including final termination or disposition of any appeals relating thereto. Said payment to Berger Montague PC shall fully satisfy, release and discharge all obligations of Defendant and the Released Parties with respect to payment of the Class Counsel Fees and

26

Expenses, any attorneys' fees and expenses in connection with this Action, and Settlement Class

Representative service awards, and Berger Montague PC shall thereafter have sole responsibility

to distribute the appropriate portions of said payment to the other Class Counsel as agreed among

them and/or directed by the Court, and to the Settlement Class Representatives.

3.      The procedure for, and the grant, denial, allowance or disallowance by the Court of

the Fee and Expense Application, are not part of the Settlement, and are to be considered by the

Court separately from the Court's consideration of the fairness, reasonableness and adequacy of

the Settlement.  Any order or proceedings relating solely to the Fee and Expense Application, or

any appeal from any order related thereto or reversal or modification thereof, will not operate to

terminate or cancel this Settlement Agreement, or affect or delay the Effective Date of the

Settlement if it is granted final approval by the Court. Payment of Class Counsel Fees and

Expenses and the Settlement Class Representatives' Service Awards will not reduce the benefits

to which Settlement Class Members may be eligible under the Settlement terms, and the Settlement

Class Members will not be required to pay any portion of the Class Counsel Fees and Expenses

and Settlement Class Representative Service Awards.

### D.      Release of Plaintiffs' and Settlement Class Members' Claims

1.      Upon the Effective Date, the Plaintiffs and each and every Settlement Class

Member shall be deemed to have, and by operation of the Final Order and Judgment shall have,

fully, completely and forever released, acquitted and discharged the Defendant and all Released

Parties from all Released Claims.

2.      Upon the Effective Date, with respect to the Released Claims, the Plaintiffs and all

Settlement Class Members expressly waive and relinquish, to the fullest extent permitted by law,

the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides: "A

general release does not extend to claims which the creditor does not know or suspect to exist in

his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

3.      Upon the Effective Date, the Action will be deemed dismissed with prejudice, and Class Counsel shall procure any necessary Orders from the appropriate courts, and file any necessary documents, dismissing said Actions with prejudice.

## IX.   MISCELLANEOUS PROVISIONS

### A.      Effect of Exhibits

The exhibits to this Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Agreement.

### B.      No Admission of Liability

Neither the existence of this Agreement, any provision or content thereof, any documents prepared and/or filed in connection therewith, the negotiations that preceded it, nor any action taken hereunder, shall constitute, be deemed, be considered or construed as, and/or be admissible in any judicial or non-judicial action or proceeding as: (i) any evidence or admission of the validity of, or concerning, any claim, allegation or fact that was or could have been alleged in the Action, and/or of (ii) any wrongdoing, fault, violation of law, or liability or damages of any kind and nature on the part of Defendant and the Released Parties. The Parties understand and agree that neither this Agreement, any documents prepared and/or filed in connection therewith, nor the negotiations that preceded it, shall be offered or be admissible in evidence against Defendant, the Released Parties, the Plaintiffs or the Settlement Class Members, or cited or referred to in the Action or any action or proceeding (judicial or otherwise), except as needed to enforce the terms of this Agreement, its Release of Claims against the Released Parties, and the Final Order and Judgment herein.

### C.    Entire Agreement

This Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements and understandings relating to the subject matter of this Agreement. The Parties acknowledge, stipulate and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or understanding concerning any part or all of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Agreement. No modification or waiver of any provisions of this Agreement shall in any event be effective unless the same shall be in writing and signed by the person or party against whom enforcement of the Agreement is sought.

### D.    Arm's-Length Negotiations and Good Faith

The Parties have negotiated all of the terms and conditions of this Agreement at arm's-length and in good faith. All terms, conditions and exhibits in their exact form are material and necessary to this Agreement and have been relied upon by the Parties in entering into this Agreement. In addition, the Parties hereby acknowledge that they have had ample opportunity to, and that they did, confer with counsel of their choice regarding, and before executing, this Agreement, and that this Agreement is fully entered into voluntarily, with free will, and without any duress whatsoever.

### E.    Continuing Jurisdiction

The Parties agree that the Court may retain continuing and exclusive jurisdiction over them, including all Settlement Class Members, for the purpose of the administration and enforcement of this Agreement.

### F.    Binding Effect of Settlement Agreement

This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, attorneys, executors, administrators, heirs, successors and assigns.

### G.     Extensions of Time

The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice (subject to Court approval as to Court dates).

### H.     Service of Notice

Whenever, under the terms of this Agreement, a person is required to provide service or written notice to Defense counsel or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other parties in writing, of a successor individual or address:

<u>As to Plaintiffs:</u>          Russell D. Paul, Esq.
                          Berger Montague PC
                          1818 Market Street, Suite 3600
                          Philadelphia, PA 19103


<u>As to Defendant:</u>          Homer B. Ramsey, Esq.
                          Shook, Hardy & Bacon L.L.P.
                          1 Rockefeller Plaza, Suite 2801
                          New York, NY 10020

### I.     Authority to Execute Settlement Agreement

Each counsel or other person executing this Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so.

### J.     Return of Confidential Materials

All documents and information designated as "confidential" and produced or exchanged in the Action, shall be returned or destroyed within thirty (30) days after entry of the Final Order and Judgment.

### K.     No Assignment

The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the litigation or any related action.

**L.      No Third-Party Beneficiaries**

This Agreement shall not be construed to create rights in, or to grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party (other than Settlement Class Members themselves) as a beneficiary of this Agreement. However, this does not apply to, or in any way limit, any Released Party's right to enforce the Release of Claims set forth in this Agreement.

**M.      Construction**

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement and, therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**N.      Captions**

The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

IN WITNESS HEREOF, the Parties have caused this Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

 ON BEHALF OF PLAINTIFFS:

Dated: January 15____, 2025

DocuSigned by:

_____

James Sampson

31

Dated: February____, 2025          _____
                    5                Janet Bauer

Dated: February____, 2025          _____
                                     Lisa Harding

Dated: February____, 2025          _____
                                     Barbara Miller

Dated: January____, 2025           _____
                                     Shirley Reinhard

Dated: January____, 2025           _____
                                     Celeste Sandoval

Dated: January____, 2025           _____
                                     Xavier Sandoval

Dated: January____, 2025           _____
                                     Danielle Lovelady Ryan

Dated: January____, 2025           _____
                                     Elizabeth Wheatley

Dated: January____, 2025           _____
                                     Russell D. Paul
                                     BERGER MONTAGUE PC
                                     1818 Market Street, Suite 3600

Dated: February____, 2025

_____
Janet Bauer

Dated: February 21____, 2025

_____
Lisa Harding

Dated: February____, 2025

_____
Barbara Miller

Dated: January____, 2025

_____
Shirley Reinhard

Dated: January____, 2025

_____
Celeste Sandoval

Dated: January____, 2025

_____
Xavier Sandoval

Dated: January____, 2025

_____
Danielle Lovelady Ryan

Dated: January____, 2025

_____
Elizabeth Wheatley

Dated: January____, 2025

_____
Russell D. Paul
BERGER MONTAGUE PC
1818 Market Street, Suite 3600

32

Dated: February____, 2025

_____
Janet Bauer

Dated: February____, 2025

_____
Lisa Harding

Dated: February⁵____, 2025

DocuSign by:

**BARBARA MILLER** _____
A68F08C7676B488...

Dated: January____, 2025

_____
Shirley Reinhard

Dated: January____, 2025

_____
Celeste Sandoval

Dated: January____, 2025

_____
Xavier Sandoval

Dated: January____, 2025

_____
Danielle Lovelady Ryan

Dated: January____, 2025

_____
Elizabeth Wheatley

Dated: January____, 2025

_____
Russell D. Paul
BERGER MONTAGUE PC
1818 Market Street, Suite 3600

Dated: January____, 2025

_____
Janet Bauer

Dated: January____, 2025

_____
Lisa Harding

Dated: January____, 2025

_____
Barbara Miller

Dated: January 14 , 2025

DocuSigned by:

*Shirley Reinhard*
_____
Shirley Reinhard

Dated: January____, 2025

_____
Celeste Sandoval

Dated: January____, 2025

_____
Xavier Sandoval

Dated: January____, 2025

_____
Danielle Lovelady Ryan

Dated: January____, 2025

_____
Elizabeth Wheatley

Dated: January____, 2025

_____
Russell D. Paul
BERGER MONTAGUE PC
1818 Market Street, Suite 3600

Dated: January____, 2025

_____
Janet Bauer

Dated: January____, 2025

_____
Lisa Harding

Dated: January____, 2025

_____
Barbara Miller

Dated: January____, 2025

_____
Shirley Reinhard

Dated: January 28, 2025

_____
Celeste Sandoval

Dated: January 28, 2025

_____
Xavier Sandoval

Dated: January____, 2025

_____
Danielle Lovelady Ryan

Dated: January____, 2025

_____
Elizabeth Wheatley

Dated: January 28 , 2025

_____
Russell D. Paul
BERGER MONTAGUE PC
1818 Market Street, Suite 3600

Dated: January____, 2025

_____
Janet Bauer

Dated: January____, 2025

_____
Lisa Harding

Dated: January____, 2025

_____
Barbara Miller

Dated: January____, 2025

_____
Shirley Reinhard

Dated: January 28, 2025

_____
Celeste Sandoval

Dated: January 28, 2025

_____
Xavier Sandoval

Dated: January____, 2025

_____
Danielle Lovelady Ryan

Dated: January____, 2025

_____
Elizabeth Wheatley

Dated: January____, 2025

_____
Russell D. Paul
BERGER MONTAGUE PC
1818 Market Street, Suite 3600

Dated: January____, 2025

_____
Janet Bauer


Dated: January____, 2025

_____
Lisa Harding


Dated: January____, 2025

_____
Barbara Miller


Dated: January____, 2025

_____
Shirley Reinhard


Dated: January____, 2025

_____
Celeste Sandoval


Dated: January____, 2025

_____
Xavier Sandoval


Dated: January 14____, 2025

_____
Danielle Lovelady Ryan


Dated: January____, 2025

_____
Elizabeth Wheatley


Dated: January____, 2025

_____
Russell D. Paul
BERGER MONTAGUE PC
1818 Market Street, Suite 3600

Dated: January_____, 2025

_____
Janet Bauer


Dated: January_____, 2025

_____
Lisa Harding


Dated: January_____, 2025

_____
Barbara Miller


Dated: January_____, 2025

_____
Shirley Reinhard


Dated: January_____, 2025

_____
Celeste Sandoval


Dated: January_____, 2025

_____
Xavier Sandoval


Dated: January_____, 2025

_____
Danielle Lovelady Ryan


Dated: January 15, 2025

_____
Elizabeth Wheatley


Dated: January_____, 2025

_____
Russell D. Paul
BERGER MONTAGUE PC
1818 Market Street, Suite 3600

32

Philadelphia, PA 19103
Settlement Class Counsel

Dated: February _21_, 2025

Cody Padgett
CAPSTONE LAW APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Settlement Class Counsel

Dated: January____, 2025

Samuel M. Ward
BARRACK, RODOS & BACINE
600 West Broadway, Suite 900
San Diego, CA 92101
Settlement Class Counsel

ON BEHALF OF DEFENDANT:

Dated: January____, 2025

Homer B. Ramsey
Michael B. Gallub
SHOOK, HARDY & BACON L.L.P.
1 Rockefeller Plaza, Suite 2801
New York, New York 10020
Counsel for Subaru of America, Inc.

Philadelphia, PA 19103
Settlement Class Counsel

Dated: January_____, 2025

_____
Cody Padgett
CAPSTONE LAW APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Settlement Class Counsel

Dated: January 28, 2025

_____
Samuel M. Ward
BARRACK, RODOS & BACINE
600 West Broadway, Suite 900
San Diego, CA 92101
Settlement Class Counsel

ON BEHALF OF DEFENDANT:

Dated: ~~January_____, 2025~~ MARCH 20, 2025

_____
Homer B. Ramsey
Michael B. Gallub
SHOOK, HARDY & BACON L.L.P.
1 Rockefeller Plaza, Suite 2801
New York, New York 10020
Counsel for Subaru of America, Inc.

33